UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
**MENORCA VASQUEZ,**                    )
                                        )    CIVIL ACTION
       **Plaintiff,**    )
                                        )    NO.  4:18-40132-TSH
       v.               )
                                        )
**ANDREW SAUL,**                        )
**Commissioner of Social Security**     )
**Administration,**                     )
                                        )
       **Defendant.**   )
_____ )

**ORDER AND MEMORANDUM PLAINTIFF'S MOTION FOR AN ORDER REVERSING THE COMMISSIONER'S DECISION AND THE COMMISSIONER'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION (Docket Nos. 22 & 25)**

**October 25, 2019**

**HILLMAN, D.J.**

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "SSA") denying the application of Menorca Vasquez ("Plaintiff") for Social Security Disability Insurance Benefits. 42 U.S.C. §§ 405(g), 1383(c)(3).  Plaintiff filed a motion for an order reversing this decision (Docket No. 22).  The Commissioner filed a cross-motion seeking affirmance (Docket No. 25).  For the reasons below, the Court ***grants*** the Commissioner's motion and ***denies*** Plaintiff's motion.

**Background**

The parties are familiar with the factual history of this case and the applicable five-step sequential analysis. Accordingly, the court will review the procedural and substantive history of the case as it relates to the arguments set forth by the Plaintiff.

1

Plaintiff filed for disability benefits under Titles II and XVI of the Social Security Act in August 2015, alleging that she became disabled on December 12, 2013, due to back problems, depression, and arthritis in her back, hands, and knees. (AR[1] 262–81, 286). The Social Security Administration denied her claim at the initial and reconsideration levels. (AR 90–118, 119–50). Plaintiff requested and received an administrative hearing. (AR 44–63). Following this hearing, Administrative Law Judge Todd S. Holbrook ("ALJ") concluded that Plaintiff was not disabled because she had the residual functional capacity to perform her past relevant work. (AR 9–38). The Appeals Council denied review, and ALJ's decision became the final decision of the Commissioner. (AR 1–7).

*The ALJ's Findings*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 12, 2013, her alleged onset date. (AR 18). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, mild arthritis in the hands, depression, and anxiety. (AR 18). At step three, the ALJ found that Plaintiff's impairments did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 18–20). Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except that

> [C]laimant can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can tolerate frequent exposure to hazards such as unprotected heights and moving mechanical parts. The claimant was limited to performing simple, routine tasks. The claimant could tolerate occasional interaction with the public. She was unable to speak, read, or write in English.

---

[1] A transcript of the Social Security Administration Official Record ("AR") has been filed with the court under seal. (Docket No. 15). Citations to the AR page numbers are those assigned by the agency and appear on the lower right-hand corner of each page.

(AR 20). At step four, the ALJ found that Plaintiff was not disabled because she could perform her past relevant work as machine presser. (AR 30). Alternatively, at step five, the ALJ found that Plaintiff was not disabled because she could perform a significant number of other jobs, e.g., bagger in laundry industry, bench assembler, and cafeteria attendant. (AR 31).

## Standard of Review

This Court may not disturb the Commissioner's decision if it is grounded in substantial evidence. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence exists when there is enough evidence that a reasonable person could agree with the Commissioner's conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). Thus, this Court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," even if the administrative record could support multiple conclusions. *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (quoting *Rodriguez*, 647 F.2d at 222).

## Discussion

Plaintiff argues that substantial evidence supports her claim of disability. (Docket No. 22 at 13–15). But the relevant question on appeal is not whether substantial evidence supports Plaintiff's allegations; it is whether substantial evidence supports the ALJ's determination. *See* § 405(g) (noting that the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). And under that standard, the Court must affirm the Commissioner's findings if "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Rodriguez*, 647 F.2d at 222.

Here, the ALJ determined Plaintiff could perform light work with limitations on climbing ladders, ropes, or scaffolds; balancing; stooping; kneeling; crouching; and crawling. (AR 20).

The ALJ also found that Plaintiff could tolerate only occasional interaction with the public and could perform simple, routine tasks. (AR 20). Plaintiff contends that substantial evidence does not support the finding that she could perform light work because no physician suggested she could stand and walk 6 hours a day or lift and carry 20 pounds occasionally and 10 pounds frequently. (Docket No. 22 at 17). But Drs. Hom, Perlman, Kleinman, and Coka,[2] state agency physicians, opined that Plaintiff could meet these requirements (AR 97–98, 111, 128, 143), and the medical records support their opinions, *see* SSR 96-6P (explaining that state agency opinions are given weight only to the extent they are supported by evidence in the record). For example, several specialists noted that, despite her reports of pain in her lower back and muscle weakness in her legs, Plaintiff was not in acute distress and had normal strength, reflexes, ambulation, and gait. (AR 431, 433, 474, 522, 529, 553, 558, 562, 566, 570, 597, 600, 662, 673, 700, 776, 951, 1125, 1310, 1350). Plaintiff's EAEDC forms, moreover, also suggested Plaintiff could "[a]mbulate independently" and "[t]ransfer sit to stand independently." (AR 512). And although Plaintiff reported being prescribed a cane for balance and ambulation, she admitted that she did not like to use her cane and only relied on it intermittently.[3]

The other aspects of the RFC determination are also supported by substantial evidence. Drs. Hom, Perlman, Kleinman, and Coka opined that Plaintiff was "moderately limited" in the

---

[2]   Plaintiff challenges reliance on these opinions because Drs. Hom, Coka, Perlman, and Kleinman did not review later records. But the ALJ found these opinions consistent with later records. (AR 29).
[3]   Plaintiff contends that the ALJ erred in failing to consider how her use of a cane would impair her ability to ambulate and balance. (Docket No. 22 at 19–20). But the ALJ considered and rejected this evidence, and substantial evidence supports that determination. Not only did Plaintiff admit to only intermittent use of her cane, but several physicians reported that she had no issues with ambulation or balance.

ability to interact with the public and could complete "simple, routine tasks"[4] (AR 99–100, 113, 130–31, 145), and treatment records from several medical providers substantiate these opinions. For example, several providers reported that Plaintiff had normal memory, judgment, and insight. (AR 365, 386, 397, 454, 491, 1148, 1174, 1178, 1192). Several providers also suggested that Plaintiff was only moderately limited in the ability to interact in public. (AR 366, 1149, 1175, 1177).

      Plaintiff generally asserts that the ALJ failed to properly evaluate the record. (Docket No. 22 at 15–17). Plaintiff challenges the weight assigned to the opinions of Ronald Cruz ("Dr. Cruz"), her primary care provider; Ben Cadet ("Mr. Cadet"), her therapist; and Paul Redstone ("Dr. Redstone"), her psychiatrist. An ALJ must generally give more weight to the opinions of treating physicians than non-treating physicians. 20 C.F.R. § 404.1527(c)(1); 416.927(c)(1); *see also Richards v. Hewlett-Packard Corp.*, 592 F.3d 232, 240 n. 9 (1st Cir. 2010) ("[T]reating physicians' opinions are ordinarily accorded deference in Social Security disability proceedings."). But an ALJ is "entitled to resolve conflicts in the record and 'may reject the opinion of the treating physician so long as an explanation is provided and the contrary finding is supported by substantial evidence.'" *Tetreault v. Astrue*, 865 F. Supp. 2d 116, 125 (D. Mass. 2012) (quoting *Shields v. Astrue*, No. 10-10234-JGD, 2011 WL 1233105, at *7 (D. Mass. Mar. 30, 2011)); *see also Keating v. Sec'y of Health & Human Services*, 848 F.2d 271, 276 (1st Cir. 1988) ("[T]reating physician's conclusions regarding total disability may be rejected by the Secretary especially when, as here, contradictory medical advisor evidence appears in the record."); *Arruda v. Barnhart*, 314 F. Supp. 2d 52, 72 (D. Mass. 2004) ("The relevant regulations

---

[4]     Drs. Perlman and Klein found Plaintiff less socially limited in some respects than Drs. Hom and Coka, but the ALJ resolved any dispute between the state agency physicians in favor of the greater limitation. (AR 29).

further permit the ALJ to downplay the weight afforded a treating physician's assessment of the nature and severity of an impairment where, as here, it is internally inconsistent or inconsistent with other evidence in the record including treatment notes and evaluations by examining and nonexamining physicians.").

Substantial evidence supports the ALJ's decision to partially discount the treating opinions of Dr. Cruz, Mr. Cadet, and Dr. Redstone. In his August 16, 2017, report, Dr. Cruz stated that he did not believe Plaintiff could stand, walk, or sit for more than three hours out of an eight-hour day. (AR 1410). He also noted that Plaintiff had been prescribed a cane for balance and ambulating. (AR 1410). But he did not provide any support for these limitations or document the use of a cane in his treatment records. And as noted above, other providers reported no difficulty ambulating or transitioning between sitting and standing (AR 431, 433, 474, 522, 529, 553, 558, 562, 566, 570, 597, 600, 662, 673, 700, 776, 951, 1125, 1310, 1350), and Plaintiff herself admitted to only intermittent use of her cane. Given this evidence, the Court cannot say that the Commissioner's decision lacks support from the record.

On November 5, 2015, Mr. Cadet and Dr. Redstone opined that Plaintiff's anxiety and pain would prevent her from performing simple tasks. They also reported that Plaintiff was paranoid around others and had a poor ability to make sound decisions. But their opinion conflicted with other treatment records, which suggested Plaintiff had normal judgment and insight and was only moderately limited in the ability to interact with others. (AR 365, 366, 386, 397, 454, 491, 1148, 1149, 1174, 1175, 1177, 1178, 1192). Thus, the ALJ did not err in attributing limited weight to it. The ALJ also gave little weight to Mr. Cadet's July 17, 2017, opinion that Plaintiff's symptoms would interfere with the attention and concentration needed to perform even simple work and that Plaintiff would be off task 20% of the time. But given other

medical opinions in the record, including some of Mr. Cadet's own assessments, assigning
Plaintiff more moderate limitations (AR 28, 390, 401, 458; *see also* AR 1177), the Court cannot
say that the ALJ erred in doing so.[5]

Plaintiff additionally alleges that the ALJ failed to give "serious consideration" to the
consultative examination of Michael Cirillo ("Dr. Cirillo"). (Docket No. 22 at 16). But the ALJ
addressed Dr. Cirillo's November 13, 2014, and July 6, 2017, assessments and accorded them
"great weight," finding them "fairly consistent with the moderate findings noted within treating
source records from Valley Psychiatric Service." (AR 26, 28). Plaintiff alternatively contends
that the ALJ failed to consider the specific portion of Dr. Cirillo's opinion stating that Plaintiff
would have difficulty adapting to a competitive work environment. (Docket No. 22 at 19). The
Court disagrees. Dr. Cirillo summed up Plaintiff's mental impairments, including difficulty
adapting to a competitive work environment, as "moderate limitations in her ability to work."
(AR 830). By adjusting her RFC to only require occasional interaction with the general public
and simple, routine tasks, the ALJ took these moderate limitations into consideration.

Yet, even assuming the ALJ implicitly rejected Dr. Cirillo's limitation by failing to
include anything related to the difficulty to adapt to work environments in Plaintiff's RFC, the
Court would find his failure to explain the rejection harmless. There is no requirement that the
ALJ must adopt every limitation in affording an opinion great weight, *see Reeves v. Comm'r of
Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015), and other evidence supports rejecting this

---

[5] Although the Court finds that substantial evidence supports discounting Mr. Cadet's opinion, the Court notes that Mr. Cadet is not an "acceptable medical source" under 20 C.F.R. § 404.1502, so the ALJ did not need to provide "good reasons" for rejecting his opinion. *See Sutton v. Berryhill*, 358 F. Supp. 3d 162, 168 (D. Mass. 2019) ("In contrast, an ALJ does not need to provide 'good reasons' for the weight assigned to an opinion from a medical source that is not an acceptable medical source." (quoting *Armata v. Berryhill*, No. 3:17-cv-30054-KAR, 2018 WL 4829180, at *16 (D. Mass. Oct. 4, 2018))).

limitation. Dr. Mosbach, for instance, opined that Plaintiff would have only a slight impairment in adapting to a work environment. (AR 1177). And in any event, Plaintiff has not shown prejudice. Although she contends that the Vocational Expert testified that difficulty adapting would preclude all work, the Vocational Expert instead addressed *inability* to adapt, not difficulty adapting. (AR 60). Thus, the Court declines to reverse on this ground.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to For an Order Reversing the Commissioner's Decision (Docket No. 22) is ***denied*** and Defendant's Motion to Affirm the Commissioner's Decision (Docket No. 25) is ***granted***.

**SO ORDERED**

                                                  ***/s/ Timothy S. Hillman***
                                                  **TIMOTHY S. HILLMAN**
                                                       **DISTRICT JUDGE**